IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| JOYCE DAWSON, | No. |
| Plaintiff, | **DEFENDANT GINSING, LLC'S NOTICE OF REMOVAL** |
| vs. | |
| GINSING, LLC, a Washington limited liability company doing business as WILD GINGER and THE TRIPLE DOOR | |
| Defendant. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE:**

PLEASE TAKE NOTICE that GINSING, LLC, a Washington limited liability company doing business as WILD GINGER and THE TRIPLE DOOR (hereinafter, "Ginsing"), hereby removes to this Court the State action described below in accordance with 28 U.S.C. §§ 1332, 1441, and 1466.

**I.   STATE COURT ACTION**

1.   The State Court action to be removed is *Joyce Dawson v. Ginsing, LLC, a Washington limited liability company doing business as Wild Ginger and The Triple Door,* in the Superior Court of King County, State of Washington, Case No. 18-2-16635-7 SEA, to the United

DEFENDANT'S NOTICE OF REMOVAL - 1
4833-4507-8640.1

States District Court for the Western District of Washington, Seattle Division, on the grounds set forth herein. (Plaintiff's Complaint for Damages – **Exhibit 1**.)

## II.   TIME FOR REMOVAL

2.   Plaintiff initially filed this action in the King County Superior Court, State of Washington on July 5, 2018 against Defendant Ginsing, LLC, a Washington limited liability company doing business as Wild Ginger and The Triple Door. While the case stated by the Complaint for Damages is not removable on the basis of diversity jurisdiction based on the lack of allegations setting forth the amount in controversy (*see* Complaint attached as Exhibit 1):

> [A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, **order or other paper** from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (emphasis supplied); *Daily v. Kittitas Valley Health & Rehab. Ctr.*, 2015 U.S. Dist. LEXIS 82178 (E.D. Wash. June 17, 2015). Prior to commencement of the underlying lawsuit, counsel for Plaintiff delivered a demand letter on October 20, 2017 to the insurance company providing coverage for Ginsing. In the letter, a demand for $150,000.00 was made on behalf of Plaintiff. Prior to commencement of suit and service of the Complaint, there was no case to remove to Federal District Court. Only until the Complaint was served upon Defendant was it subject to removal. Thus, Ginsing has 30 days from the date the underlying complaint was served on Ginsing to remove this case to Federal District Court. The complaint was properly served on July 20, 2018 which makes removal proper if brought by August 20, 2018, (28 U.S.C. §6(a)), which is also within one year after commencement of the action. 28 U.S.C. § 1446(c)(1).

## III.   BASIS FOR REMOVAL

3.   A party may seek removal of a State Court action where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1).

DEFENDANT'S NOTICE OF REMOVAL  - 2
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

### A. Amount in Controversy

4. Where it is not factually evident from the complaint that the amount in controversy exceeds $75,000, the moving party is to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Moreover, "[t]he notice of removal shall…set forth the reasons which cause petitioner to have a good faith belief that the plaintiff is seeking damages in excess of the jurisdictional amount of this court…" LCR 101(a).

5. The preponderance of the evidence standard was re-affirmed in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

6. It is "facially apparent" from the nature of the claims alleged, and more likely than not from the types of damages sought, that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Del Real v. HealthSouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) (where state court complaint does not specify amount in controversy, removing defendant need only provide evidence establishing that it is more likely than not that the amount in controversy exceeds the federal jurisdictional requirements; to determine subject matter jurisdiction, the court may entertain extrinsic evidence, weigh evidence, and if necessary resolve factual disputes); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that

DEFENDANT'S NOTICE OF REMOVAL - 3
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks damages for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding it facially apparent that the amount in controversy was met in slip-and-fall case by allegations of injuries to wrist, knee, patella, and back, and alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement).

7. Similar damage allegations in personal injury cases have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional requirement. *See, e.g., Easterling v. SmithKline Beecham Corp.*, No. 2:05 CV 35 KS-KMR, 2006 WL 1581322 (S.D. Miss. 2006) (in pharmaceutical/personal injury case, where plaintiff alleged serious and permanent injuries, mental anguish, medical expenses, loss of earnings and future earnings, pain and suffering, and sued for compensatory and punitive damages, it was facially apparent from face of complaint that plaintiff's damages allegations exceeded jurisdictional threshold of the court; motion for remand denied); *accord Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 709-712 (S.D. Miss. 2004).

8. The face of the Complaint for Damages does not establish that Plaintiff seeks damages in excess of $75,000. However, in pre-suit correspondence to Ginsing's insurance provider, Plaintiff demanded $150,000.00 in resolution of the claim.

9 Based on the nature of the damages alleged in the Complaint and Plaintiff's demand for $150,000.00 to settle her claims, Defendant Ginsing has a good faith belief the damages sought by Plaintiff arising from the incident described in Plaintiff's Complaint for Damages is in excess of the $75,000 threshold. LCR 101(a). *See also Singer, Del Real, supra*.

DEFENDANT'S NOTICE OF REMOVAL - 4
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

B. **Diversity of Citizenship**

10. This is a claim against Defendant Ginsing for negligence arising from alleged damages due to a trip and fall incident at Ginsing's restaurant Wild Ginger on July 30, 2015. (**Exhibit 1**, ¶¶ 2.2-2-10).

11. A party may allege diversity jurisdiction upon "information and belief" where the facts supporting jurisdiction are not "reasonably ascertainable," and in "'unusual circumstances,' a party need not affirmatively allege the citizenship of an opposing party." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Paragraph 1.1 of Plaintiff's Complaint for Damages asserts that Plaintiff is a resident of the State of California.. (Ex. 1, ¶ 1.1). "The determination of a litigant's state citizenship for purposes of diversity jurisdiction is a matter of federal law…[and] although it is settled that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence, considerations on which federal courts rely in determining domicile often derive from state choice-of-law rules that have been developed in such diverse contexts as probate jurisdiction, taxation of incomes or intangibles, or divorce law." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. Ohio 1973) (internal citations omitted). "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state." *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (internal citations omitted). In order to be "domiciled" within a particular state, a "person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Gilbert v. David*, 235 U.S. 561, 569-70, 35 S. Ct. 164 (1915). Plaintiff identifies her place of residence as La Quinta, California, in the County of Riverside. (Ex. 1, ¶¶ 1.1). Upon information and belief, Defendant asserts Plaintiff is domiciled in California, and thus, is a citizen of the State of California.

12. Defendant Ginsing is and was at all relevant times hereto a Washington State Limited Liability Company engaged in the food service business with its principal office located

DEFENDANT'S NOTICE OF REMOVAL  - 5
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

1  at 11020 NE 6th St., Bellevue, Washington 98004, and its principal place of business located at 1401 Third Avenue, Seattle, Washington 98101.

13. Removal of this action on the basis of diversity of citizenship is proper under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and all named defendants, and no defendant is a citizen of the forum State. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

14. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." This action was pending in King County Superior Court, State of Washington. Accordingly, under 28 U.S.C. § 1441(a), removal is proper to the United States District Court for the Western District of Washington, Seattle Division, because this district and division embraces King County. *See* LCR 3(e).

### IV. REQUIRED DOCUMENTS

15. Defendant will promptly file a copy of this Notice with the Clerk of King County Superior Court and will give written notice to all adverse parties. 28 U.S.C. § 1446(d).

16. In accordance with 28 U.S.C. § 1446 and LCR 101 (b)(1) and (3), attached and also filed as separate attachments and labeled accordingly are the following document(s): Plaintiff's Complaint for Damages.

17. Within 14 days of this Notice, Defendant will file with the United States District Court for the Western District of Washington, Seattle Division, black-and-white copies of all additional records and proceedings in the State Court, if any, together with counsel's verification that these are true and complete copies of all records and proceedings. LCR 101(c).

WHEREFORE, Defendant Ginsing requests that the above-captioned action, *Joyce Dawson v. Ginsing, LLC, a Washington limited liability company doing business as Wild Ginger and The Triple Door,* in the Superior Court of King County, State of Washington, Case No. 18-2-

DEFENDANT'S NOTICE OF REMOVAL - 6
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

16635-7 SEA, to be removed to the United States District Court for the Western District of Washington at Seattle.

DATED this 20th day of August, 2018.

             LEWIS BRISBOIS BISGAARD & SMITH LLP

             */s/ Michael A. Jaeger*
             */s/ AnneMarie Hoovler*
             Michael A. Jaeger WA Bar No. 23166
             AnneMarie Hoovler, WA Bar No. 50470
             1111 Third Avenue, Suite 2700
             Seattle, Washington 98101
             Attorneys for Ginsing, LLC

DEFENDANT'S NOTICE OF REMOVAL  - 7
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

**DECLARATION OF SERVICE**

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

I hereby certify that on August 20, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

On the date given below, I also caused to be sent out for service a true and correct copy of the foregoing on the following parties in the manner indicated:

| | |
|---|---|
| Raymond J. Dearie<br>Dearie Law Group, P.S.<br>2025 1st Avenue, Suite 1200<br>Seattle, WA  98121-3119<br>Telephone:  (206) 239-9920<br>Facsimile:  (206) 239-9921<br><br>*Attorneys for Plaintiff* | [x]  via U.S. Mail, postage fully prepaid<br>[ ]  via UPS overnight service<br>[ ]  via Legal Messenger Delivery<br>[x]  via CM/ECF<br>[ ]  via Facsimile<br>[x]  via E-mail: rdearie@dearielawgroup.com |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Executed this 20th day of August, 2018, at Seattle, Washington.

                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

                                        By:     */s/ Cheryl L. Kelley*
                                            Cheryl L. Kelley, Legal Secretary
                                            1111 Third Avenue, Suite 2700
                                            Seattle, Washington 98101
                                            (206) 436-2020
                                            cheryl.kelley@lewisbrisbois.com

DEFENDANT'S NOTICE OF REMOVAL  - 8
4833-4507-8640.1

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206-436-2020
206-436-2030 Fax

**EXHIBIT 1**

RECEIVED
JUL 20 2018
HILLIS CLARK MARTIN & PETERSON

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JOYCE DAWSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GINSING, LLC, a Washington limited liability company doing business as WILD GINGER and THE TRIPLE DOOR,<br><br>　　　　Defendant. | NO. 18-2-16635-7 SEA<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the above-named Plaintiff, Joyce Dawson, by and through her attorney of record, Raymond J. Dearie of the Dearie Law Group, P.S., avers and alleges as follows:

### I. PARTIES, JURISDICTION & VENUE

1.1     Plaintiff Joyce Dawson, at all times relevant to this action, was and is a resident of La Quinta, Riverside County, California.

1.2     Defendant Ginsing, LLC is a Washington limited liability company doing business as Wild Ginger and the Triple Door in King County, Washington.

1.3     The incident giving rise to this action occurred in King County, Washington.

1.4     This court is vested with jurisdiction and venue is proper because Defendant

engages in business in and the incident giving rise to this action occurred in King County, Washington.

## II. FACTS

2.1     On July 30, 2015, Plaintiff Joyce Dawson was in the state of Washington visiting a friend.

2.2     On the evening of July 30, 2015, Plaintiff Joyce Dawson and her friend checked in for dinner at Wild Ginger in Seattle, Washington.

2.3     Ms. Dawson and her friend were led by the hostess through Wild Ginger lounge to their table at approximately 7:00 P.M. At that time, the restaurant and lounge were busy and the lighting was very poor.

2.4     Along the path on their way to the table, one side was busy with guests at tables. Unbeknownst to Ms. Dawson, the other side had a raised platform that protruded into the walkway.

2.5     The raised platform and poor lighting created a hazardous condition for guests using the walkway through the Wild Ginger lounge.

2.6     Joyce Dawson tripped over the raised platform and fell in the Wild Ginger lounge.

2.7     There were no warning signs of danger where Joyce Dawson fell.

2.8     Due to the dim lighting, Joyce Dawson could not see the raised platform protruding into the walkway.

2.9     The raised platform also had ornamental knobs that created an even more dangerous condition. Neither the ornamental knobs or that raised platform were noticeable because of the poor lighting conditions.

2.10     Joyce Dawson suffered severe injuries as a result of the dangerous conditions at Wild Ginger.

### III. LIABILITY

3.1     Defendant Ginsing, LLC, has a duty to protect the health and safety of its patrons and invitees.

3.2     Defendant Ginsing, LLC has a duty to inspect its facility and ensure the safety of its patrons and invitees.

3.3     Defendant Ginsing, LLC has a duty to warn and give notice to its patrons/invitees about dangerous conditions.

3.4     Defendant Ginsing, LLC is liable for negligence by creating an artificial, latent and dangerous condition.

3.5     Defendant Ginsing, LLC is liable for gross negligence.

3.6     Plaintiff has causes of action under Washington common law against Defendant Ginsing, LLC.

3.7     As a result of Defendant's negligence, Plaintiff Joyce Dawson was injured, suffered and continues to suffer physical disability and pain, emotional trauma, medical expenses, lost income, future medical expenses, and other damages past, present and future, all in amounts to be proven at the time of trial.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendant Ginsing, LLC as follows:

(a) For special damages to be proven at the time of trial;

(b) For general damages in an amount to be proven at the time of trial;

(c) For pre-judgment interest on liquidated damages;

(d) For Plaintiff's costs and disbursements herein;

(e) For reasonable attorneys' fees; and

(f) For such other and further relief as this Court deems just and proper.

DATED this 5th day of July 2018.

DEARIE LAW GROUP, P.S.

By _____
Raymond J. Dearie, WSBA #28792
Attorney for Plaintiff Joyce Dawson

COMPLAINT FOR DAMAGES -4-